Date: December 13, 2007
James B. Phifer
1017 L Street, PMB #124
Sacramento, California 95814
E-mail-jbp2244@hotmail.com

**FILED**
JAN 10 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| James B. Phifer, PRO SE | Plaintiff | Case: 1:08-cv-00046 |
| | | Assigned To : Unassigned |
| V. | | Assign. Date : 1/10/2008 |
| | | Description: Civil Rights-Non-Employ. |
| Secretary United States Department Of Housing and Urban Development, 451 7th Street S.W., Washington D.C. 20410 | Defendant | |

*In their offical Capacity*

Civil Rights Complaint

Jurisdiction

Plaintiff is a citizen of the State of California. Jurisdiction is founded on Federal Question. Title 28 U.S.C.Subs.1331, Fair Housing Act Sec.813.(A),(2) [42 U.S.C. 3613], American with Disabilities Act of 1990 Sec.12133-12202.

Statement of Facts

Plaintiff filed a complaint with the Department of Housing and Urban Development, Office of Fair Housing and Equal Opportunity,600 Harrison Street, 3rd Floor, Sanfrancisco, California 94107-1387, in January 2006. HUD inquiry no. 201077.HUD case no. 09-06-0581-8, 09-06-0581-4, 09-06-0581-D, Alleging Sacramento Housing and Redevelopment Agency, 630 I Street, Sacramento, California 95814, wrongfully denied Plaintiff's request for a reasonable accommodation apartment change under ADA. That SHRA changed Plaintiff's enrollment date by three years in the Federal Section VIII Housing Program, (now the choice voucher program).
In March 2006, Irenis Green, Equal Opportunity Specialist, Enforcement Branch, Office of Fair Housing and Equal Opportunity, came to Plaintiff's apartment complex for a interview. Mrs. Green used a tape recorder at the interview and camcorder to make a video of the inside and outside of Plaintiff's apartment and complex, including the wiring in the walls that was not supposed to be there. Mrs. Green made copies of Plaintiff's paper work, including copies of eight notification letters from Sacramento Housing

RECEIVED
DEC 14 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

to the Plaintiff showing his status on the Federal Section VIII waiting list in 1997-1998.

May 2006, Plaintiff received a Determination of Non Reasonable Cause, Preliminary of Letter of Finding of Compliance, and Letter of findings of Compliance.

July 2006, Plaintiff filed a Request for Review of Preliminary Letter of Findings, with objections.

August 2006, Plaintiff filed an amendment to the request for review with objections along with copies of eight notification letters from Sacramento Housing to the Plaintiff dated between 06/16/1997 and 03/18/1998.

March 2007, Plaintiff received a Formal Determination Sustaining the Preliminary Letter of Findings. Five months past the sixty days for responding to a Letter of Review by HUD regulations.

## ALLEGATIONS

1. The United States Department of Housing and Urban Development denied Plaintiff a fair investigation. Mrs. Green used three witnesses in her investigative report, Plaintiff's SHRA housing manager, Ms. Victoria Watson, SHRA Supervisor, Mr. Patrick Bohner, and Plaintiff's brother in Arkansas, Mr. Orlando Roberts who had never been to Sacramento or seen Plaintiff's apartment or complex, but Mrs. Green relies on hearsay. Mrs. Green does not interview any of the tenants of the complex, does not obtain any police records or any other type of information. Mrs. Green fabricates most of her investigative report.

2. The United States Department of Housing and Urban Development conspired with Sacramento Housing to cover up the evidence proving that Sacramento Housing tampered with the Federal Section VIII waiting list by changing Plaintiff's enrollment date by three years. To keep him from receiving housing in the program and denying his reasonable accommodation.

3. Plaintiff submitted the evidence to SHRA, Mrs. Green and on review to the Assistant Secretary of Housing and Urban Development in Washington D.C.

4. Defendants discriminated against the Plaintiff because he was Black and Disable, and violated his right to due process, and to be free from harassment, coercion, and intimidation.

5. Abuse of Power, Defendants used their authority to persecute the Plaintiff. Plaintiff gave SHRA 30 day notice after the interview with Mrs. Green because he was ran out of his housing.

6. Defendants are using the housing program to profile and social segregate participants.

Defendants have a statutory duty imposed on them by the United States Constitution, Executive Order, and Federal Regulations. To administer programs within their jurisdiction in a manor that insures equal protection of the law. For a government agency to voluntarily step outside the law and violate the constitutional rights of the people it was empowered to serve, goes against the basic concept of democracy.

Defendants violated Plaintiff's rights under the Fair Housing Act Sec.804.
(a)(b)(c)(d)(f), (2), (3) (A) (B)
The Fourteenth Amendment Section 1, the right to due process.
The First Amendment, the right to petition the courts.
Title VI of the 1964 Civil Rights Act 42 U.S.C. Sec. 2000d - 2000d-7.
Title 42 U.S.C., Sec. 12132.
Title 24 CFR Sec.1.4 (a)(b)(i)(ii)(iv)(v)(vi), (2)(i).
Title 24 CFR Sec.8.4 (a), (b) (1)
Title 24 CFR Sec.9.130 (a), (b)(1)(i)(ii)(iii)(iv)(2)(3)(4)(7), (d)(e).
Title 24 CFR Sec.107.20 (a) (b) (c)
Executive Order 11063, Section 101, 202, 302.
Executive Order 12892, Section 1, 2, 3, 4, 5.
Executive Order 12898, Section 2-2.
The Fair Housing Act Section 818 [42 U.S.C.3617]
Title 24 Section 8.56 (K)
Title 5 CFR Section 2635.101, (b) (13)

RELIEF

Plaintiff request's a trial by jury. That the court take some type of affirmative action to see that Defendants prohibited behavior does not continue. Forty million dollars in, Punitive, Compensatory, and Statutory, damages. For Discrimination, Denial of Due Process, Mental Pain and Suffering, Harassment, Coercion, and Intimidation. And any other relief the court decides to grant.

*James B. Phifer*
James B. Phifer

CLERK'S OFFICE  
UNITED STATES DISTRICT COURT  
FOR THE DISTRICT OF COLUMBIA

CO-932  
Rev. 4/96

**NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING  
IN THIS OR ANY OTHER UNITED STATES COURT**

Civil Action No. _____  
(To be supplied by the Clerk)

**NOTICE TO PARTIES:**

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

**NOTICE TO DEFENDANT:**

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

**NOTICE TO ALL COUNSEL**

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

The plaintiff, defendant or counsel must complete the following:

I. **RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S)**

A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

[ ] (a) relates to common property

[ ] (b) involves common issues of fact

[ ] (c) grows out of the same event or transaction

[ ] (d) involves the validity or infringement of the same patent

[✓] (e) is filed by the same pro se litigant

2. **RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)**

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the <u>same</u> parties and <u>same</u> subject matter.

Check box if new case is related to a dismissed case: [ ]

3. NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT): _United States Court For the Eastern District of California_

4. CAPTION AND CASE NUMBER OF RELATED CASE(E=S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

_James Bryant Phifer_ v. _Sacramento Housing and Redevelopment Agency_ C.A. No _2:07-CV-0747-LKK-DAD-PS_

_12/13/2007_  
DATE

_James B. Phifer_  
Signature of Plaintiff/Defendant (or counsel)